UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIAN RAMOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20-cv-1842 ) ) |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING, LLC; and ENCORE CAPITAL GROUP, INC.; | ) ) ) ) |
| Defendants. | ) ) |

# COMPLAINT

Plaintiff, Adrian Ramos, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 ("ICFA"), and for invasion of privacy, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and 28 U.S.C. § 1337 for Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

1

5. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendant sharing of false information regarding alleged debts with a third party as well as by being forced to pay to defend against three identical lawsuits. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

6. Plaintiff, Adrian Ramos ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a consumer debt allegedly owed for a defaulted Synchrony Bank consumer credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. MCM is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

9. MCM maintains a website, www.midlandcredit.com.

10. MCM's website provides in part as follows:

    **Who Is MCM**

    **Midland Credit Management (MCM) is a company that helps consumers resolve past-due financial obligations. We empower our customers through education and payment plans, and help them return to a path toward improved financial health.**

    https://www.midlandcredit.com/who-is-mcm/, Accessed on February 14, 2020.

11. MCM is licensed as a collection agency in the State of Illinois.

12. MCM regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

13. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Midland Credit Management, Inc., located at 1821 Walden Office Sq., Ste. 400, Schaumburg, Illinois 60173.

14. Midland is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

15. MCM services accounts purchased by Midland.

16. Midland holds a collection agency license from the State of Illinois.

17. Midland's principal purpose is the collection of defaulted consumer debts via interstate commerce and the mails, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See* SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed November 15, 2017).

18. MCM's website provides in part as follows:

**Midland Funding LLC is one of the nation's biggest buyers of unpaid debt. Midland Funding LLC purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment.**

https://www.midlandcredit.com/who-is-mcm/midland-funding-llc/, Accessed on February 14, 2020.

19. Midland is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

20. Defendant, Encore Capital Group, Inc. ("Encore") is a Delaware Corporation. It does not maintain a registered agent in Illinois. Its registered agent and office is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

21. Encores' SEC filing for 2017 states in part:

**We purchase portfolios of defaulted consumer receivables at deep discounts to face value and manage them by working with individuals as they repay their obligations and work toward financial recovery. Defaulted receivables are consumers' unpaid financial commitments to credit originators, including banks, credit unions, consumer finance companies, commercial retailers, and telecommunication companies. Defaulted receivables may also include receivables subject to bankruptcy proceedings.**

22. Encore's principal purpose is the collection of defaulted consumer debts via interstate commerce and the mails, as it derives a majority of its revenue from the collection of defaulted consumer receivables, and it is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

23. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Synchrony Bank consumer credit account used for personal purposes ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

24. Due to his financial circumstances, Plaintiff was unable to pay the alleged debt and it subsequently went into default.

25. Defendants subsequently began collection activity on the alleged debt.

26. On or about February 19, 2019, Defendants filed a lawsuit against Plaintiff, in the State of Illinois, styled *Midland Funding LLC v. Adrian Ramos,* Case No. 19-M1-105420.

27. On or about April 18, 2019, Defendants filed a second lawsuit against Plaintiff, in the State of Illinois, styled *Midland Funding LLC v. Adrian Ramos,* Case No. 19-M1-112526.

28. On or about April 18, 2019, the same day of the filing of Case No. 19-M1-112526, Defendants filed a third lawsuit against Plaintiff, in the State of Illinois, styled *Midland Funding LLC v. Adrian Ramos,* Case No. 19-M1-112489.

29. All three lawsuits are for the same alleged Synchrony debt/account.

30. All three lawsuits seek $4,814.25 in damages.

31. All three lawsuits seek interest and court costs.

32. Each lawsuit seeks a filing cost, a service cost and other costs adding up to hundreds of dollars each.

33. Through the act of filing multiple lawsuits on a single debt, Midland has sought to collect more than $1,000 in excess costs to which it is not entitled.

34. Through the act of filing multiple lawsuits on a single debt, Midland has made it such that Plaintiff would have to pay hundreds of dollars to the Circuit Court of Cook County to file his appearance and defend the cases. Such costs include, for example, a mandatory appearance fee of $151.00 per case.

35. Through the act of filing multiple lawsuits on a single debt, Midland has forced Plaintiff to incur legal fees three times in excess of what he would have incurred had they filed just one lawsuit.

36. Plaintiff sought out legal assistance after being notified of the first lawsuit, 19-M1-105420. However, Defendants sought and were granted a default judgment in the second lawsuit, 2019-M1-112526. Plaintiff only defaulted on the second lawsuit because of the

confusion Defendants caused by the unfair and deceptive practice of filing identical lawsuits.

Thus, Plaintiff incurred additional costs and emotional distress based on Defendants' conduct.

## THE FAIR DEBT COLLECTION PRACTICES ACT

37. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . .**
>
> **… (10) The use of any false representation or deceptive means to collect or attempt to collect any debt…**

38. Defendants violated 115 U.S.C. § 1692e, 1692e(2)(a) and 1692e(10) when they filed simultaneous and multiple lawsuits on a single alleged debt.

39. Simultaneous filing of multiple lawsuits on a single debt is an unfair practice.

40. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

41. Defendants sought unauthorized collection costs, in violation of 15 U.S.C. § 1692f, when they filed multiple lawsuits against Plaintiff on the same alleged debt.

42. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when they filed multiple lawsuits against Plaintiff on the same alleged debt.

43. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

44. The ICFA proscribes any unfair or deceptive acts or practices, including but not limited to the use of any deception, fraud, misrepresentation, with the intent the consumer rely on such misrepresentations, in the course of commerce or trade. 815 ILCS 505/2.

45. The ICFA allows any consumer who suffers actual damages from a violation of the act to bring a private action to recover actual damages or any other relief the court deems proper as well as attorney's fees and costs. 815 ILCS 505/10a(a); 505/10a(c).

46. Defendants' attempt to collect the debt occurred in the course of commerce or trade.

47. Defendants violated the ICFA by filing multiple lawsuits on the same alleged debt.

48. Plaintiff suffered actual economic damages in the form of attorney's fees and costs incurred to defend himself against the superfluous lawsuits. He also suffered emotional damages in the form of the stress, anxiety, and grief arising from the threat posed the multiple lawsuits.

49. Plaintiff's legal fees also included work necessary to vacate a default judgment Defendants secured in the 19-M1-105420 case. The default was the direct result of the filing of multiple identical lawsuits.

50. Defendants' filing of three lawsuits was a deceptive practice, in violation of the ICFA, because it would make a consumer believe they have to pay a debt three times to clear their name.

51. Defendants' filing of three lawsuits was also an unfair practice, in violation of the ICFA, because it would force consumers to settle non-existent claims; it makes it appear to the public that a consumer is more indebted then they are; and/or is generally coercive.

52. Defendants' filing of three lawsuits on the same alleged debt offends public policy because it is unfair and deceptive, but also because it puts extra strain on state courts and judges.

53. Defendants' practices offend public policy, have a direct consumer nexus, and affect consumers as a whole. These practices directly implicate consumer protection concerns because the conduct causes substantial emotional and financial harm to consumers by subjecting them to multiple improper legal actions.

54. Defendants' communications cause negative emotions including hopelessness, annoyance, aggravation, and other garden variety emotional distress.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff realleges and incorporates the above paragraphs into this count.

56. Defendants violated 115 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10) when they filed simultaneous and multiple lawsuits on a single alleged debt.

57. Defendants sought unauthorized collection costs, in violation of 15 U.S.C. § 1692f, when they filed multiple lawsuits against Plaintiff on the same alleged debt.

58. Defendants engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when they filed multiple lawsuits against Plaintiff on the same alleged debt.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant as follows:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  D. Such other or further relief as this Court deems proper.

### COUNT II—ILLINOIS CONSUMER FRAUD ACT FOR FALSE AND DECEPTIVE BUSINESS PRACTICES

59. Plaintiff re-alleges above paragraphs as set forth fully in this count.

60. Defendants violated the ICFA by filing multiple lawsuits on the same alleged debt.

61. Defendants' filing of three lawsuits was a deceptive practice, in violation of the ICFA, because it would make a consumer believe they have to pay a debt three times to clear their name.

62. Plaintiff was damaged by Defendants' actions including harm to his reputation.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

  A. Actual damages suffered by the Plaintiff;

  B. Punitive damages;

  C. Plaintiff's attorney fees and costs;

  D. Such other or further relief as the Court deems proper.

### COUNT III—ILLINOIS CONSUMER FRAUD ACT FOR UNFAIR BUSINESS PRACTICES

63. Plaintiff re-alleges above paragraphs as set forth fully in this count.

64. Defendants violated the ICFA by filing multiple lawsuits on the same alleged debt.

9

65. Defendants' filing of three lawsuits was an unfair practice, in violation of the ICFA, because it would force consumers to settle non-existent claims; it makes it appear to the public that a consumer is more indebted then they are; and/or is generally coercive.

66. Plaintiff was damaged by Defendants' actions including harm to his reputation.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Actual damages suffered by the Plaintiff;

    B.    Punitive damages;

    C.    Plaintiff's attorney fees and costs;

    D.    Such other or further relief as the Court deems proper.

## COUNT V—FALSE LIGHT INVASION OF PRIVACY—ALL DEFENDANTS

67. Defendants placed three lawsuits over the same alleged debt into the public record.

68. Defendants' publication portrayed the indebtedness as much higher than it claimed it to be.

69. Plaintiff's inaccurate information in the public record is offensive and embarrassing to those persons who viewed it.

70. Defendants published the information regarding Plaintiff's debt with reckless disregard as to its offensiveness.

71. Plaintiff was damaged by Defendant Defendants' portrayal of his in a false light.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Actual damages suffered by the Plaintiff;

  B. Punitive damages;

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: /s/ Michael W. Drew<br>One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

11